IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MANUEL CASTRO-ACOSTA<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Respondent, | ORDER DENYING MOTION UNDER 28 U.S.C. § 2255<br><br><br><br>Civil Case No. 2:13-CV-299<br><br>*Related Case No. 2:10-CR-1005-DB-1* |

This matter is before the Court on petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Re-Sentence. (Dkt. No. 1.) At the court's request, the government filed a response in opposition to petitioner's motion, to which petitioner responded. (Dkt. Nos. 2-4.) Having reviewed the relevant materials, the court now issues the following Memorandum Decision and Order.

## **PROCEDURAL HISTORY**

On November 3, 2010, petitioner Manuel Castro-Acosta was indicted by a federal grand jury in the district of Utah for possessing methamphetamine with intent to distribute and for being found in the United States after having been deported. (Criminal Case No. 2:10-CR-1005-

DB-1, Dkt. No. 1.)[1] On September 29, 2011, the United States filed a superceding indictment charging petitioner with possessing and distributing a large amount of methamphetamine. (Criminal Case No. 2:10-CR-1005-DB-1, Dkt. No. 42.) Petitioner was also indicted again for being found in the United States after having been deported. (Id.)[2]

On March 12, 2012, petitioner entered a plea agreement with the government. (Criminal Case No. 2:10-CR-1005-DB-1, Dkt. No. 62.) Petitioner pleaded guilty to Count II of the superceding indictment, stipulating that he had "traveled to Utah County, Utah, for the purpose of delivering methamphetamine to a person who, unbeknownst to [him], was working as an informant for the Utah County Major Crimes Task Force." (Id. at ¶11.) Petitioner further stipulated that a laboratory analysis of the substance in his possession was "84.9 percent methamphetamine for a total of 309.2 grams of actual methamphetamine." (Id.) As part of the plea agreement, petitioner waived his right to challenge his sentence "in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255." (Id. at ¶ 12.) In return, the United States moved to dismiss the remaining counts at the

---

[1]Specifically, Count I of the indictment states that "Manuel Castro-Acosta . . . did knowingly and intentionally possess with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine. . . in violation of 21 U.S.C. § 841(a)(1)." (Criminal Case No. 2:10-CR-1005-DB-1, Dkt. No. 1 at 1.) Count II states that he "was found in the United States after having been deported therefrom . . . , and not having obtained the express consent of the Secretary of Homeland Security to reapply for admission to the United States in violation of Title 8, United States Code, Section 1326(a)." (Id. at 2.)

[2]Counts I and II of the original indictment became Counts II and III of the superceding indictment. Count I of the superceding indictment states that "Manuel Castro-Acosta . . . did knowingly and intentionally distribute fifty (50) grams or more of a mixture or substance containing methamphetamine . . . in violation of 21 U.S.C. § 841(a)(1)." (Criminal Case No. 2:10-CR-1005-DB-1, Dkt. No. 42 at 1.)

time of sentencing. (Criminal Case No. 2:10-CR-1005-DB-1, Dkt. No. 62 at 12 & Dkt. No. 70.)[3]

Thereafter, petitioner was sentenced to 144 months of incarceration to be followed by 60 months of supervised release. (Criminal Case No. 2:10-CR-1005-DB-1, Dkt. No. 73.) Petitioner's sentence reflected the minimum mandatory sentence associated with the crime to which he pled guilty. See 21 U.S.C. § 841(b)(1)(A).

On April 29, 2013, despite the waiver provision of his plea agreement, petitioner moved to vacate his sentence under 28 U.S.C. § 2255. In his motion, petitioner also claims that he received ineffective assistance of counsel. (Dkt. No. 1 at 8-9.)

## DISCUSSION

**I. Waiver of Post-Conviction Rights**

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and waiver were knowingly and voluntarily made." United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001). Petitioner "bears the burden" of "provid[ing] support for the notion that he did not knowingly and voluntarily enter into his plea agreement." U.S. v. Hahn, 359 F. 3d 1315, 1329 (10th Cir. 2004). Petitioner signed a broad waiver of his appellate rights, which included the waiver of his right "to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to

---

[3] The parties initially agreed to a 168-month sentence pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. However, on June 27, 2012, the government submitted an acknowledgment that "the requirement for a Rule 11(c)(1)(C) disposition [was] withdrawn and that the sentence should be imposed pursuant to the plea previously entered which carries a minimum mandatory sentence of ten years." (Criminal Case No. 2:10-CR-1005-DB-1, Dkt. No. 70.)

a motion brought under 28 U.S.C. § 2255." (Criminal Case No. 2:10-CR-1005-DB-1, Dkt. No. 62 at 5.) Petitioner further stated in the Statement by the Defendant in Advance of Plea of Guilty that the waiver was "knowingly, voluntarily, and expressly" made. (Id.)

In spite of the language in the Statement by the Defendant in Advance of Plea of Guilty, petitioner now argues that his plea and waiver of collateral appeal rights were not knowingly and voluntarily made. (Dkt. No. 1 at 9.) Petitioner seems to contend that he, as a Spanish speaker, was not provided with "a proper translation of all the elements" of the charges against him. Id. However, the record indicates that petitioner was provided with an interpreter at his change of plea hearing where the elements of the crime to which he pleaded were translated for him. (Criminal Case No. 2:10-CR-1005-DB-1, Dkt. Nos. 58 & 89.) Furthermore, petitioner concedes that he "did go to court to face charges and was provided a translator." (Dkt. No. 1 at 10.) However, petitioner complains that his interpreter "only interpreted from English into Spanish" but failed to explain "the legalese terminology with all its ramifications." (Id.)

In determining whether a defendant has knowingly and voluntarily waived his rights, the Tenth Circuit has established a test which requires that this court "primarily examine two factors." United States v. Padilla-Rodriguez, 335 Fed. Appx. 724, 727 (10th Cir. 2009). First, the court looks at "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily." Hahn, 359 F.3d at 1325. Petitioner's plea agreement required that he sign and acknowledge that he "voluntarily, knowingly, and expressly" waived his collateral attack rights. Petitioner acknowledged, by his signature, that he had discussed his case and plea with his lawyer as much as he wished and had no additional questions. Further, his

4

signature acknowledged that his plea was entered after "full and careful thought; with the advice of counsel; and with a full understanding of [his] rights, the facts and circumstances of the case, and the consequences of the plea." (Criminal Case No. 2:10-CR-1005-DB-1, Dkt. No. 62 at 8.) See Padilla-Rodriguez, 335 Fed. Appx. at 727 (citing Hahn, 359 F.3d at 1325)). As a result, petitioner's signature on the Statement of Defendant in Advance of Plea of Guilty indicates that petitioner's waiver was made knowingly and voluntarily.

Second, the court examines whether an adequate colloquy took place pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Hahn, 359 F.3d at 1325. The transcript of petitioner's hearing in which he submitted his plea on March 12, 2012, indicates that Magistrate Judge Alba engaged petitioner in an adequate colloquy and that plaintiff indicated to the court that he entered his plea knowingly and voluntarily. (Criminal Case No. 2:10-CR-1005-DB-1, Dkt. No. 89.) Furthermore, petitioner—under oath—affirmatively answered Magistrate Judge Alba's explicit question regarding whether he understood his interpreter. (Id. at 15.)

Having reviewed the Defendant's Statement in Advance of Plea of Guilty and the transcript of the colloquy in which petitioner was engaged at the hearing in which he entered his plea, the court holds that the plea was entered knowingly and voluntarily. As a result, petitioner's waiver of his rights to motions of collateral review, including motions brought pursuant to § 2255, is valid. Therefore, all of plaintiffs claims in his § 2255 motion are precluded by this waiver except for his claim that he received ineffective assistance of counsel.

**II. Ineffective Assistance of Counsel**

The court finds that petitioner's only claim not barred by his waiver of rights—namely, that he received ineffective assistance of counsel—lacks merit. Petitioner's argument supporting this claim is difficult to discern. It appears that his primary complaint is that his counsel never submitted a "single motion to suppress evidence" and failed to provide petitioner with "a proper translation of all the elements of the formal criminal charge." (Dkt. No. 1 at 8 & 9.) Petitioner also seems to argue that his counsel failed to effectively assist him because his counsel was "more worried about sustaining a good relationship with the district [sic] attorney to keep getting fresh cases and to keep getting paid $5000.00 for every sham of a case they participate in and pretend to defend an accused person [sic]." (Id. at 14.)

"To demonstrate ineffectiveness of counsel, [a petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial." United States v. Lopez, 100 F.3d 113, 117 (10th Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and insisted on going to trial." Lasiter v Thomas, 89 F.3d 699, 704 (10th Cir. 1996). However, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Petitioner fails to show that his counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by the alleged deficient performance. See Lopez, 100 F.3d at 117. Plaintiff also fails to demonstrate that he would have insisted on going to trial but

for his counsel's alleged errors. See Lasiter v. Thomas, 89 F.3d at 704. Petitioner's assertion that he was never provided with a "a proper translation of all the elements of the formal criminal charge" is conclusory and contradicted by the record. (Criminal Case No. 2:10-CR-1005-DB-1, Dkt. Nos. 58, 62, & 89.) Petitioner's contention that his counsel failed to adequately defend him because of his counsel's professional relationship with the prosecuting attorney is equally without merit and contradicts petitioner's statements on the record. (Criminal Case No. 2:10-CR-1005-DB-1, Dkt. Nos. 62 & 89.)

Finally, petitioner's argument that his counsel did not effectively represent him because of his counsel's failure to file motions to suppress evidence also lacks merit. Petitioner argues that his arrest was facilitated by illegal recording of his telephone conversations by law enforcement officials without a warrant. Petitioner seems to argue that his counsel should have filed a motion to suppress as a result of these recordings. However, the recorded conversations in petitioner's case involved a person acting on behalf of law enforcement officers who had consented to the recording of the conversations. (Criminal Case No. 2:10-CR-1005-DB-1, Dkt. No. 72 at ¶¶ 7-10.) The consent of one party to a conversation precludes the need for a warrant and renders the conversations admissible as evidence against any of the conversation's participants. United States v. Faulkner, 439 F.3d 1221 (10th Cir. 2006); see also 18 U.S.C. § 2511(2)(c) and (d). Therefore, petitioner's counsel would have had no grounds to file a motion to suppress evidence gained as a result of the recorded conversations. Petitioner's counsel did not fall below any objective standard of reasonableness by not filing a motion to suppress the recorded conversations because there was no basis for such a motion. Petitioner indicates no

other grounds on which his counsel should have filed a motion to suppress.

Petitioner fails to demonstrate that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by the alleged deficiency. See See Lopez, 100 F.3d at 117. Petitioner further fails to demonstrate a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty. Lasiter v Thomas, 89 F.3d at 704. Therefore, the court finds that petitioner's claim that he received ineffective assistance of counsel lacks merit and any relief requested on the basis of the allegedly deficient representation is denied.

## **CONCLUSION**

For the foregoing reasons, petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Re-Sentence is DENIED.

IT IS SO ORDERED.

DATED this 27th day of September, 2013.

_____
Dee Benson
United States District Judge